**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAROL ALMORA SIERRA,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-06613-JLT-HBK<br>A-Number: 249-112-205<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br>(Doc. 1) |

Before the Court is Jarol Almora Sierra's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DIMISSES** the petition as moot. (Doc. 1).

Because Petitioner was ordered removed on September 16, 2026, and did not file an appeal within the thirty-day window, his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). (*See* Docs. 10, 12.) Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is

subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether Petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## I. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED AS MOOT**.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 6, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE